```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


MARIE REID                    *
                              *
                              *
v.                            *    Civil Action No. WMN-12-1345
                              *
                              *
OFFICER DAVID MUNYAN et al.   *
                              *
                              *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendants Baltimore Police Department (BPD), the Commissioner of the BPD (the Commissioner), and the Commanding Officers of the Administration and Operations Bureaus of the BPD (the Commanding Officers) (collectively, the BPD Defendants). ECF No. 12. The motion is fully briefed. Upon a review of the pleadings, the argument of counsel, and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This suit revolves around claims of the use of excessive force and false arrest. Plaintiff Marie Reid is a resident of Baltimore City. Defendant David Munyon is a police officer in the BPD. Plaintiff alleges that on or about April 11, 2009, she was leaving her apartment building when she was approached by

her husband, Murray Reid, and Officer Munyan.  Plaintiff avers that Officer Munyan was at the scene at the request of Mr. Reid.[1] Officer Munyan demanded that Plaintiff return to her apartment and allow Munyan and her husband to enter the residence.

Plaintiff alleges in the Amended Complaint that she began to comply with Munyan's request but soon realized that the residence was locked and that she did not have her key.  Munyan then became angry, insisted that she did have a key, and threatened to kick in the door.  He also threatened to arrest her if she did not comply and unlock the door.  While Plaintiff was trying to call her sister-in-law to retrieve a key, Munyan suddenly ran up to her, grabbed her hands and arms, forced them painfully behind her back, and swept her off her feet by using his leg to trip and tackle her.  As a result, Plaintiff was thrown face first to the sidewalk and suffered a laceration on her face and facial bone fractures.  Plaintiff was placed under arrest and eventually charged with assaulting Munyan and Mr. Reid.

Alleging that she suffered permanent scarring on her face and other physical and emotional injuries, Plaintiff filed suit in the Circuit Court for Baltimore City on or about January 23,

---

[1] In an Application for Statement of Charges that Plaintiff submitted with her Opposition, Munyan explains that Mr. Reid had requested a police escort into his apartment so that he could collect his belongings.  ECF No. 14-3 at 2.

2012, against Munyan and the BPD.  Plaintiff subsequently filed an Amended Complaint which added the Commissioner and Commanding Officers as defendants.  In addition to various common law and state and federal constitutional tort claims against Munyan, the Amended Complaint asserts the following claims:

> Count IX – "Liability of Baltimore Police Department Under the Doctrine of Respondeat Superior;"
>
> Count X – "Liability of Baltimore Police Department Due to the Pattern and Practices akin to Monell v. Dep't of Soc. Servs., 436 U.S. 658 [] (1978) and applied to the State of Maryland by Prince George's County v. Longtin [19 A.3d 859 (Md. 2011)];"
>
> Count XII – Violation of 42 U.S.C § 1983 Against [the BPD Defendants] for Inadequate Training;" and
>
> Count XIII – Violation of 42 U.S.C. § 1983 against [the BPD Defendants] – Monell Claim."

Defendants removed the action to this Court on May 5, 2012.  Defendant Munyan subsequently filed an Answer to the Amended Complaint.  The BPD Defendants, however, filed the instant motion seeking dismissal of all of the claims asserted against them.

## II. LEGAL STANDARD

A claim must be dismissed if the allegations in the complaint do not include enough facts to render that claim to relief "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678.

The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." Twombly, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. Id. at 664; see also Brockington v. Boykins, 637 F.3d 503, 505–06 (4th Cir. 2011).

## III. DISCUSSION

As an initial observation, the Court notes that Plaintiff somewhat misrepresents or confuses the applicable legal standard, the scope of the BPD Defendants' motion, and the facts

4

that she has offered into the record.  As to the legal standard, Plaintiff relies exclusively on case law that predates the Supreme Court's decisions in Twombly and Iqbal and that Court's exposition of the plausibility standard in those opinions.  See ECF No. 14-1 at 7-8.  As to the scope of the BPD Defendants' motion, Plaintiff suggests that they have moved to dismiss Count XI of the Amended Complaint, see id. at 7, which they have not.  Count XI is asserted against Munyan only.

As to facts surrounding Plaintiff's claims, Plaintiff finds great significance in what she views as an "obvious contradiction" in the sworn "Application for Statement of Charges" prepared by Munyan.  ECF No. 14-1 at 9.  She states that Munyan describes Plaintiff's "large laceration and heavy bleeding" that required her to go to the hospital before being booked but then states that Plaintiff "had no visible injuries." Id.  From this "obvious contradiction," Plaintiff argues that Munyan's "apparent indifference to consistency is evidence of a distinct methodology which reflects nonchalance and reckless indifference."  Id.  What Munyan stated in the Application for Statement of Charges, however, was that "Mr. Reid had no visible injuries."  ECF No. 14-3 at 3 (emphasis added).  Thus, there was no contradiction in Munyan's report, obvious or otherwise.

Plaintiff also somewhat misrepresents or confuses the nature of her own pleading.  Plaintiff entitles one of the

5

Counts in the Amended Complaint, "Liability of Baltimore Police Department Under the Doctrine of Respondeat Superior." ECF No. 7 at 14. In discussing her respondeat superior claim against the BPD, she suggests that "it can be debated whether the Defendant BPD asserts correctly that there is no right to a request for respondeat superior in a 42 U.S.C § 1983 action." Id. So while it appears that she might be trying to assert respondeat superior liability against the BPD under § 1983, in the very next sentence, Plaintiff declares, "[t]he Defendant is not being pursued under 42 U.S.C. § 1983 for its respondeat superior obligations." Id. That confusion aside, whether Plaintiff is or is not attempting to impose § 1983 liability on the BPD under a respondeat superior theory, it is well and long established that there is no respondeat superior liability under § 1983. Monell v. Dept. of Social Servs. 436 U.S. 658, 694 (1978). To the extent that Plaintiff is seeking respondeat superior liability on the BPD for the state torts allegedly committed by Munyan, the BPD has long been recognized "as an agency of the State and therefore enjoys the common law sovereign immunity from tort liability of a State agency." Baltimore Police Dep't v. Cherkes, 780 A.2d 410, 428 (Md. Ct. Spec. App. 2001). Count IX will be dismissed.

While there is no respondeat superior liability under § 1983, there could be liability on the part of the BPD Defendants

under § 1983 where the constitutionally offensive acts of its officer were taken "in furtherance of some municipal 'policy or custom,'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984), or resulted from inadequate police training. City of Canton v. Harris, 489 U.S. 378, 388 (1989).  Plaintiff attempts to assert claims under both "policy or custom" and "inadequate training" theories.  The BPD Defendants point out, however, that Plaintiff has alleged no facts in support of the existence of any policy or custom or inadequate training.  The Complaint details a single incident of misconduct and a single incident alone establishes neither a policy or custom, City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985), nor a claim for inadequate training.  Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000).

In addition to the "obvious contradiction" discussed above, Plaintiff attempts to rescue her § 1983 claims with another statement in Munyan's Application for Statement of Charges, i.e., his representation that he used what he described as a "departmentally trained arrest and control technique" to restrain Plaintiff.  Am. Compl. ¶ 16.  Plaintiff suggests that his description of this technique reflects "that it is departmental policy to injure individuals while detaining them notwithstanding the alleged infraction."  ECF No. 14-1 at 9.  That is not a reasonable inference from that statement.

7

The Application authored by Munyan and submitted by Plaintiff as an exhibit states that Munyan observed Plaintiff punch her husband twice.  Munyan then told Plaintiff that she was under arrest for assault.  According to Munyan, as he attempted to effect that arrest, Plaintiff attempted to punch him.  At that point, Munyan states that he employed the technique that he was trained to use to restrain one resisting arrest.

Because this is a motion to dismiss, the Court must accept that the incident occurred as described in the Amended Complaint and not as described by Munyan in the Application for Statement of Charges.  Nevertheless, Plaintiff cannot convert a statement made by Munyan that he was trained to use a particular technique to restrain one resisting arrest into an admission that it is departmental policy to injure individuals while detaining them regardless of their alleged infraction.  That is not what he said and that cannot be inferred from what he said.

Plaintiff also points to the BPD's General Order K-15 (G.O. K-15) on the "Use of Force" as evidence of an improper policy or custom.  This General Order, which Plaintiff also attaches to her opposition, states that the "'use of deadly and less than deadly force, including strikes with fists or hands, shall conform with the methods, tactics and guidelines adopted by the Department.'"  ECF No. 14-1 (quoting G.O. K-15 at 1).  The

General Order states further that "'any use of force must be reasonable and no more than necessary to effect a lawful purpose.'"  Id.  Furthermore, "'if you are resisted, you may repel force with force, using only such force as is necessary.'"  Id. (emphasis in G.O. K-15).

Plaintiff suggests that this "terminology is vague and confusing and fails to provide proper education and guidance to a member of agency as to when and how force is applicable or acceptable."  ECF No. 14-1 at 10.  The Court finds nothing vague or confusing in this language.  The General Order states clearly that the use of force must be reasonable and restrained.  Whether Munyan followed this General Order is a legitimate subject of inquiry in litigating the claims against Munyan, but there is nothing in the order that points to an improper custom or policy of the BPD.

Finally, Plaintiff makes the sweeping accusation that the "wrongful arrest and detention, denial of right to counsel, use of unnecessary force, including the use of improper arrest techniques including unreasonable force on an unarmed woman or improper and excessive use of force in arrests and other rights occurs so frequently that it has become an accepted manner by the Baltimore Police Department."  Am. Compl. ¶ 71.  There are no facts, however, to support this sweeping accusation and, as the Supreme Court has noted, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Accordingly, the Court will grant the BPD Defendants' motion to dismiss as to Plaintiff's § 1983 inadequate training claim (Count XII) and custom or policy claim (Count XIII).

Count X is a near identical claim under Article 24 of the Maryland Declaration of Rights as Count XIII under § 1983.  It could be dismissed for the same reason.  In addition, Count X should be dismissed because, as noted above, the BPD enjoys the common law sovereign immunity from tort liability of a State agency.  Cherkes, 780 A.2d at 428.  While the Maryland Court of Appeals held in Prince George's County v. Longtin, 19 A.3d 859 (Md. 2011) that pattern and practice claims can be brought against local governments under the Maryland Declaration of Rights, "the Longtin court neither stated nor intimated that plaintiffs could institute pattern or practice claims against state government agencies." Rosa v. Bd. of Educ. of Charles County, Md., Civ. No. AW-11-2873, 2012 WL 3715331 at 10 (D. Md. Aug. 27, 2012).  As this Court recently observed, it is "exceedingly unlikely that the Court of Appeals of Maryland would have ushered in such a radical change in legal landscape sub silentio."  Id.

For all these reasons, the Court will grant the BPD Defendants' motion in its entirety.[2]  A separate order will issue.

>
> _____/s/_____
> William M. Nickerson
> Senior United States District Judge

DATED: September 18, 2012

---

[2] Plaintiff requests, if the Court finds the Amended Complaint insufficient, that she be permitted to file an amended pleading. The Court notes that Plaintiff has already filed an amended complaint in response to Defendants' first motion to dismiss. The Court is skeptical that further amendment will lead to a different result but will not foreclose that possibility at this time.  Counsel for Plaintiff should be mindful, however, of their obligations under Rule 11 of the Federal Rules of Civil Procedure.